## Stinson's Estate (No. 2).

*Wills—Probate—Codicil—Signature.*

1. Probate of an alleged codicil to a will is properly refused when not signed anywhere by the testatrix.

2. Immediately following the signature of testatrix to her will were the following words: "Codicil to will Whereas I, Agnes J. Stinson have made my last will and testament in writing bearing date Dec. 15, 1894. Now I do by this my writing which I hereby declare to be a codicil to my said will, to be taken as a part thereof, will and direct that the price of 'The Aged Woman's Home, Norristown, Pa.,' be added to the Estate of Stephen P. Stinson, out of Agnes J. Stinson's estate." *Held,* that the probate of the codicil was properly refused.

Argued Jan. 31, 1911. Appeal, No. 362, Jan. T., 1910, by Robert P. Shick, from decree of O. C. Montgomery Co., Sept. T., 1910, No. 4, dismissing an appeal from Register of Wills in Estate of Agnes J. Stinson, deceased. Before BROWN, MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Appeal from decision of register of wills refusing to

probate a codicil to a will. Before BLAND, P. J., specially presiding.

The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing appeal.

*James Gay Gordon*, with him *J. Morris Yeakle*, for appellant.

*Nicholas H. Larzelere*, with him *I. P. Knipe* and *Montgomery Evans*, for appellee.

PER CURIAM, July 6, 1911:

Immediately below the signature of Agnes J. Stinson to her will, which is the subject of the preceding appeal, appears the following: "Codicil to will Whereas I, Agnes J. Stinson have made my last will and testament in writing bearing date Dec. 15, 1894. Now I do by this my writing which I hereby declare to be a codicil to my said will, to be taken as a part thereof, will and direct that the price of 'The Aged Woman's Home, Norristown Pa. be added to the Estate of Stephen P. Stinson, out of Agnes J. Stinson Estate." The register of wills refused to admit this to probate, for the reason that it had not been signed at the end by the testatrix, as required by the Act of April 8, 1833, P. L. 249. On appeal to the orphans' court the action of the register was sustained. The contention of the appellant from the refusal of the register to admit the paper to probate was that the testatrix had signed her name at the end of it when she wrote the words "out of Agnes J. Stinson Estate," and of this the learned judge, specially presiding, said it was "a notion born of the wildest form of conjecture." Perhaps it would have been better if he had said that the register properly refused the probate of the alleged codicil because it had not been signed anywhere by the testatrix. It is for this reason that we dismiss the appeal at appellant's costs.

Appeal dismissed.