## Shields Will

*George P. Kiester*, for executors.

*Richard B. Kirkpatrick*, for caveators.

SHUMAKER, P. J., August 14, 1962.—This matter is before the court on certification of the issues before the register of wills raised by the offering for probate two papers purporting to be testamentary in character. A caveat was filed with the register and a bond posted. The issues raised are before the court by virtue of section 207 of the Register of Wills Act of 1951.

Mary Alice Shields died on April 24, 1958, at the age of 86 years, and the petition to probate the two papers mentioned avers that she died seized and possessed of personal property valued at $500 and real estate of estimated value of $4,000.

The legal effect of the two papers so offered for probate must now be considered by the court. For purpose of convenience we must construe and treat them separately.

The first document is a three page typewritten instrument with heading "Last Will and Testament of Mary Alice Shields." Its scrivener obviously was a lawyer.

Paragraph I provides for the payment of debts. Paragraph II gives to a church one-tenth of the gross estate as inventoried, and to another church, as a memorial, $25. Paragraph III gives $25 to each of seven named beneficiaries. Paragraph IV bequeaths some specific items of personal property. Paragraph V provides for the payment of estate taxes. Paragraph VI is the residuary clause in the will and distributes equally the residue of the estate among fifteen named beneficiaries. Paragraph VII is a power of sale to the executors. Finally, paragraph VIII names three individuals as the executors.

It is here significant to note that paragraphs I through III appear on page one, and at the bottom thereof is the signature of Mary Alice Shields. Paragraphs IV through VII are on page two of the instrument and at the bottom thereof appears the signature Mary A. Shields.

Our difficulty is created by the status of page three wherein the executors are named and the date of the execution of the will appears as "this—,day of October, 1953." Beneath this is a line, intended for the place of final signature after which appears the word "(Seal)". The signature, however, is missing and nowhere on the page has testatrix signed her name. At the bottom of page three appear the words: "Signed, sealed, published and declared by the said Mary Alice Shields, as and for her last Will and Testament, in the presence of us, who at her request and in her presence and in the

presence of each other, have subscribed our names as witnesses thereto." Beneath this appear the signatures of the subscribing witnesses.

It would appear that the elderly testatrix undertook the execution of her will without the supervision of the scrivener thereof, and by inadvertence or oversight neglected to sign her name on the third page at the bottom thereof.

The Wills Act of April 24, 1947, P. L. 89, 20 PS §180.2, provides that every will "shall be in writing and shall be signed by the testator at the end thereof . . . " (The statutory exceptions noted are not applicable here).

The end of a will has been held by our Supreme Court of Pennsylvania to be the logical end of the disposition in its obvious inherent sense. It is not necessarily the point farthest removed from the beginning: Baldwin Will, 357 Pa. 432; Baker's Appeal, 107 Pa. 381; Morrow's Estate (No. 1), 204 Pa. 479; Stinson's Estate (No. 2), 232 Pa. 230; Estate of Bogart, 96 Pa. Superior Ct. 26.

The matter of importance is that the testator has signed the instrument after he has completed the testamentary disposition of his estate.

The case of Coyne Will, 349 Pa. 331, holds that:

"The test as to whether or not a will is signed at the end thereof is not the physical point which is spatially farthest removed from the beginning; the end contemplated by the statute is the logical end of the language used by the decedent in expressing his testamentary purpose."

The Commission's Comment, appearing in 20 PS §180.2 footnote, discussing the Wills Act of 1947, states that " 'Every will . . . shall be in writing and shall be signed by the testator at the end thereof' " and has been taken from section 2 of the Act of June 7, 1917, P. L. 403, 20 PS §191. Therefore, while most

cases dealing with the meaning of the words "end thereof" above cited were prior to the enactment of the 1947 statute, they constitute the case law in the instant situation.

Applying their rulings to our instrument, we find that pages one and two of the Shields will comprise a full and complete disposition of the real, personal and mixed property of testatrix and, since the same is signed at the end thereof, the instrument is entitled to probate.

Since the naming of the executors appear on page three and not over the signature of testatrix, the naming of the executors is inoperative and the register of wills must now appoint an administrator cum testamento annexo.

We turn now to the consideration of the second writing, above mentioned. In the apparent handwriting of the testatrix and signed at the end thereof "Mary A. Shields" are the following words:

"Dec. 16, 1957

At my death
The Virgil Kelly's family shall
have whole house without
rent for such time as they
can build or get a suitable
house."

This is, by no stretch of the imagination, a new will which would have the legal effect of revocation of the instrument above treated. It makes no testamentary disposition of either real or personal property. At most it appears to grant a license to the Kelly family to live in the dwelling house of which testatrix died seized for an undetermined period without the obligation of paying rent. It is not a limitation of the fee simple title taken by the residuary devisees, nor upon the fee simple title which might be conveyed by the fiduciaries of the estate. It merely defers the delivery of posses-

sion. In the opinion of this court this instrument is a codicil to the aforementioned will and is entitled to probate as such. The fact that testatrix did not designate the instrument as a codicil does not prevent it from being such. It is the legal effect that determines its nature rather than the failure to identify it by name.

*Order*

And now, August 14, 1962, the register of wills of Butler County is directed to receive for probate the two instruments, copies of which are attached to these proceedings and filed at the above term and number, as the will and codicil of the late Mary Alice Shields, also known as Mary A. Shields, upon the payment of the necessary fees and expenses incident to the probate thereof, and is further ordered and directed to issue letters testamentary and appoint an administrator cum testamento annexo who shall pay the costs of these proceedings as part of the cost of administration of this estate.